# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:17-cv-4662-WTL-TAB |
| | ) | |
| WELLS FARGO BANK, N.A., and | ) | |
| GACP FINANCE CO., LLC | ) | |
| | ) | |
| Appellees. | ) | |

## ENTRY ON BANKRUPTCY APPEAL

Appellant Whirlpool Corporation has appealed the Bankruptcy Court's order granting the Appellees' deemed motion for summary judgment. This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a)(1). The issues have been fully briefed, and the Court, being duly advised, **AFFIRMS** the Bankruptcy Court's order for the reasons set forth below.[1]

## I. Jurisdiction

Before the Court can consider the merits of the Appellant's appeal, it must consider whether it can hear the case. The Appellees argue that the Court must dismiss the appeal because the Appellant did not file a timely notice of appeal. However, the Appellant did file a notice of appeal within the time period required by Fed. R. Bankr. P. 8003, the only deficiency being the failure to use the proper form. Fed. R. Bankr. P. 8003(a)(3)(A) only requires that "[t]he notice of appeal . . . conform substantially to the appropriate Official Form." As the Appellant notes, the notice of appeal in this case did so, as it "provid[ed] notice to all parties and the court of the judgment appealed from, the court to which it was appealing, and the names and

---

[1] The Appellant has also requested oral argument. Dkt No. 26. Because the Court is able to rule on these matters without oral arguments, the request is denied.

contact information of counsel for all the parties to the appeal." Dkt. No. 25 at 18-19. The Court therefore finds that the requirements of Fed. R. Bankr. 8003 were met, and the notice of appeal was timely. *See In re Salem*, 465 F.3d 767, 775 (7th Cir. 2006) (liberally construing the "conform substantially" language in considering a notice of appeal).[2]

## II. Legal Standard

Typically, when reviewing a decision of the Bankruptcy Court, this Court acts as an appellate tribunal and is governed by the traditional standards of appellate review. The Court applies "a clear error standard to the bankruptcy court's factual findings." *Ojeda v. Goldberg*, 599 F.3d 712, 716 (7th Cir. 2010). "Clear error is an extremely deferential standard of review, and will only be found to exist where the 'reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)). However, legal questions, as well as mixed questions of law and fact, are subject to de novo review. *Ojeda*, 599 F.3d at 716; *Mungo v. Taylor*, 355 F.3d 969, 974 (7th Cir. 2004).

Here the parties disagree about the legal standard that should be applied to this appeal. The Appellant asserts, in line with this traditional approach, that the Court is to consider its appeal from the Bankruptcy Court's grant of summary judgment de novo, with all evidence viewed in the light most favorable to the nonmoving party. Dkt. No. 23 at 11. Furthermore, the Appellant argues, "[f]or purposes of summary judgment, [the Appellant's] Verified Complaint is the equivalent of an affidavit, and its averments are 'evidence, and not merely assertion.'" *Id*.

---

[2] Also worth noting is that the Appellant's compliance with the Clerk of the Bankruptcy Court's deadline to correct the deficiencies in the notice of appeal, a factor not present in *Leonard v. Shrock*, No. 16-cv-0723, 2017 WL 1234080, (S.D. Ind. Feb. 10, 2017), cited by the Appellees.

(citing *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017)). The Appellees, however, counter that the Verified Complaint's allegations of "bad faith" should not be assumed true, and that the Court should review the Bankruptcy Court's order for clear error. Dkt. No. 24 at 19-20. First, only factual allegations in a Verified Complaint, not conclusory legal statements, are to be considered true, as would be the case in any proceeding. *See Beal*, 847 F.3d at 901 ("[A] verified complaint is not just a pleading, it is also the equivalent of an affidavit for purposes of summary judgment because 'it contains factual allegations that if included in an affidavit or deposition would be considered evidence, and not merely assertion.'"). Second, with regard to the Appellees' objection to the application of de novo review, the Court notes that it does not "need to wade into the debate here because [the Court] would affirm under either standard." *French v. Wachovia Bank, N.A.*, 722 F.3d 1079, 1085 (7th Cir. 2013).

## III. Background[3]

Debtors hhgregg, Inc., Gregg Appliances, Inc. and HHG Distributing, LLC (collectively, the "Debtors") filed voluntary Chapter 11 petitions on March 6, 2017 (the "Petition Date"). As of the Petition Date, the Debtors operated 220 brick-and-mortar retail stores in twenty states, selling home appliances, electronics and related services. The Appellant sold goods to the Debtors in the ordinary course of business during the forty-five days preceding the Petition Date (the "Whirlpool Goods"). The Appellant made a timely demand for reclamation—first, by sending a demand letter to the Debtors on March 10, 2017, and, second, by filing this adversary proceeding—seeking the return of the Whirlpool Goods or, in the alternative, the proceeds from any post-petition sale of the Whirlpool Goods.

---

[3] The facts of the case, as laid out by the Bankruptcy Court, are set out below.

Prior to the Petition Date, the Debtors had a revolving credit facility (the "Prepetition Credit Agreement") with Appellee Wells Fargo, as the administrative agent and collateral agent for certain financial institutions. Wells Fargo's advances under the Prepetition Credit Agreement were secured by first priority floating liens on substantially all of the Debtors' assets, including inventory, both existing and after acquired, and the proceeds thereof.

Pursuant to an Order dated March 7, 2017 (the "Interim DIP Order"), the Bankruptcy Court granted the Debtors authority to obtain up to $80,000,000 in secured financing (the "DIP Loan") with Wells Fargo as the administrative agent and collateral agent and Appellee GACP as "First In, Last Out" ("FILO") Agent and to utilize Wells Fargo's cash collateral. Pursuant to the Interim DIP Order and as consideration for the DIP Loan, the Appellees were granted "priming first priority" liens on virtually all of the Debtors' assets, including existing and after-acquired inventory, and the proceeds thereof (the "DIP Liens"). The DIP Liens were effective as of the Petition Date. The Appellees were also granted a super-priority administrative expense claim. Wells Fargo, in turn, was granted adequate protection in the form of a replacement lien on the Debtors' assets, subordinate only to DIP Liens (the "Replacement Liens"), and a super-priority administrative claim subordinate only to the Appellees' administrative claim and a carveout for certain professional fees.

On May 2, 2017, the Court entered a final order (the "Final DIP Order") (together, the Interim DIP Order and Final DIP Order are hereinafter referred to as the "DIP Orders"), which, among other things, approved the DIP Loan on a final basis and authorized the use of Wells Fargo's cash collateral, granted the DIP Liens and Replacement Liens, and granted Wells Fargo and the DIP Lenders superpriority administrative claims.

Pursuant to the terms of the DIP Orders, the Debtors were to use the DIP Credit Agreement to repay the outstanding indebtedness to Wells Fargo under the Prepetition Credit Agreement—over $66 million—and to finance the Debtors' ongoing post-petition operations. Unfortunately, the Debtors' reorganization was unsuccessful. The Debtors ultimately sold their inventory, including the Whirlpool Goods, pursuant to orders dated April 7, 2017, May 10, 2017, and May 17, 2017 (together, the "Sale Orders").

In the adversary proceeding, the Appellant argued that Appellees, by continuing to lend under the Prepetition Credit Agreement even though they allegedly knew that the Debtors would not be able to pay back the Appellant, were not acting in good faith and therefore were not entitled to protection under U.C.C. § 2-702(3), Indiana Code § 26-1-2-703(3). The Appellees countered by arguing that good faith is irrelevant under 11 U.S.C. § 546(c) and moved to dismiss. The Bankruptcy Court, treating the Appellees' motion as one for summary judgment, found in favor of the Appellees, and the Appellant appealed.

## I.     Discussion

Indiana law provides that "[w]here the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand . . . [t]he seller's right to reclaim . . . is subject to the rights of a buyer in ordinary course or other good faith purchaser under IC 26-1-2-403." Ind. Code Ann. § 26-1-2-703. Bankruptcy law, on the other hand, provides that sellers have the right to reclaim goods "subject to the prior rights of a holder of a security interest in such goods or the proceeds thereof." 11 U.S.C. § 546(c).

The Appellant argues that Indiana law determines the respective rights of the parties, and that the Appellees are not buyers in the ordinary course; while they are "purchasers" under Indiana law, they are not "good faith purchasers." Dkt. No. 23 at 28, 31. Alternatively, the

Appellant argues that whether the Appellees are good faith purchasers is a factual inquiry that should not be resolved at this stage in the litigation. *Id*. at 31-32. The Appellees argue that the Bankruptcy Code is clear that the Appellant's right of reclamation is subject to a secured creditor's prior lien rights. Dkt. No. 24 at 24-25. There is no clear answer to this question; the Seventh Circuit, when faced with this question, saved it for another day, *In re Reliable Drug Stores, Inc.*, 70 F.3d 948, 949-50 (7th Cir. 1995), and has not had the occasion to reexamine it in the decades since.

Reviewing the statutes, however, the Court finds the Appellees' argument more persuasive. First, applying the federal bankruptcy statute, the right to reclaim goods is "subject to the prior rights of a holder of a security interest in such goods or the proceeds thereof." 11 U.S.C. § 546(c). Therefore, the Court agrees with the Bankruptcy Court that the "relevant inquiry is whether one or more secured creditors had liens in the reclaimed goods that were prior in time to the reclamation demand." Dkt. No. 1 at 14. Furthermore, the Court agrees with the Bankruptcy Court's assessment that "the liens here were perfected prepetition under the Prepetition Credit Agreement and postpetition pursuant to the DIP Loan signed the same day as the debtor filed for bankruptcy. *At no point were Debtor's goods free from a floating lien*." *Id*. (emphasis added). Accordingly, under the bankruptcy statute, which the Court must apply in this case, the Appellees have priority.

While the Court recognizes the Appellant's rights under state law, it does not believe that such rights override the federal bankruptcy statute. Indeed, as the Appellees note, the Appellant "cites to no authority that purports to override the express language of Section 546(c) subordinating prior secured liens in deference to state law." Dkt. No. 24 at 26. Additionally, the Court notes that Indiana law is not as clear as the Appellant suggests; as the Appellees note, Dkt.

No. 24 at 27-28, the Official Comment to Ind. Code Ann. 26-1-2-702 recognizes that "Section 2-403(4) incorporates by reference rights given to other purchasers and to lien creditors by Articles 6, 7 and 9."

Alternatively, the Appellant argues that the Bankruptcy Court erred by not finding that "once the prepetition loans are paid in full, there is no lien left to which [the Appellant's] right in the reclaimed goods can be subject." Dkt. No. 23 at 38. This, however, is incorrect because the postpetition liens also take priority. The Appellant notes the Bankruptcy Court's conclusion that "since the postpetition liens granted under the Interim DIP Order predated [the Appellant's] reclamation demand by three days, the postpetition liens were first in time and therefore first in priority," Dkt. No. 23 at 41, but argues the Bankruptcy Court erred in not recognizing the Appellant's "reclamation rights existed at the time the Petition was filed," *id*. at 34. The Appellees counter by noting that "[r]eclamation claims are not self-executing and must be asserted by the sellers affirmatively to avoid extinguishment by operation of the postpetition DIP Credit Agreements and liquidation of inventory." Dkt. No. 24 at 38. Indeed, Seventh Circuit law confirms the Appellees' assertion. *See In re Adventist Living Ctrs., Inc.*, 52 F.3d 159, 163-64 (7th Cir. 1995) (considering the reclaiming party's rights as of the time the reclamation demand was made).

## II. Conclusion

For the foregoing reasons, the Bankruptcy Court's order is **AFFIRMED**.

SO ORDERED: 10/5/18

*William T. Lawrence*

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification